UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSALIND SMITH,

    Plaintiff,   No. C 09-5977 PJH

    v.   **ORDER**

MICHAEL MURPHY, et al.,

    Defendants.
_____/

Plaintiff Rosalind Smith has filed a request to continue the initial case management conference ("CMC"), along with motions to strike the affirmative defenses pled by defendants M&M Automotive Group, Inc. ("M&M" – sued as Michael Murphy d/b/a Volkswagen of Oakland) and Volkswagen Credit, Inc. a/k/a Volkswagen Group of America ("VW Credit"), and a motion for summary judgment. Counsel for VW Credit has filed a request to appear telephonically at the CMC. The court now rules as follows.

    1.    Request to Continue CMC and Request to Appear Telephonically

The date for the CMC, previously set for April 8, 2010, is hereby CONTINUED to Thursday, April 29, 2010, at 1:30 p.m. All parties will appear telephonically. Counsel for VW Credit will arrange a conference call (with all parties) to chambers at the scheduled time. Plaintiff and defendants may file separate CMC statements. Plaintiff's CMC statement must be filed no later than Thursday, April 22, 2010. If defendants wish to amend their CMC statement, the amended statement must be filed no later than April 22, 2010.

    2.    Motions to Strike Affirmative Defenses

Plaintiff has filed two motions, seeking to strike as insufficient the affirmative defenses pled by M&M and VW Credit in the answers they filed in the Alameda County Superior Court. As an initial matter, the court notes that these two motions are in violation

of Civil Local Rule 3-4(c)(2), because the text is written in a font that is less than 12-point type. Plaintiff is reminded that "[a] person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules." Civ. L.R. 3-9(a). Plaintiff is therefore obligated to read and familiarize herself with the Civil Local Rules of this court. Continued failure to comply with the Local Rules may result in the imposition of sanctions. Id.

In addition, however, the court finds that the motions must be DENIED as untimely. Under Federal Rule of Civil Procedure 12(f), a motion to strike an insufficient defense must be filed within 21 days after the plaintiff is served with the answer. See Fed. R. Civ. P. 12(f)(2). Here, since the answers were filed while the case was still pending in the Alameda County Superior Court, the court counts the time from the date the notice of removal was filed and the proof of service shows that plaintiff was served with the notice of removal – December 21, 2009. Thus, the deadline for filing the motions to strike, adding the 21 days allowed under Rule 12(f)(2) to the three days allowed under Federal Rule of Civil Procedure Rule 6(d), was January 17, 2010. Since that day was a Sunday, under Rule 6(a), the last day to file was Monday, January 18, 2010.

2.     Motion for Summary Judgment

Plaintiff seeks summary judgment, arguing that defendants failed to comply with certain rules of civil procedure, in that they failed to serve the notice of removal in a timely manner, failed to provide this court with a copy of all records from the Alameda County Superior Court case, failed to comply with court orders regarding the CMC and ADR deadlines, failed to comply with the court's standing order re removed cases, failed to comply with the duty to disclose under Federal Rule of Civil Procedure 26, and violated the standards of professional conduct.

As an initial matter, the court notes that the motion is in violation of Civil Local Rule 3-4(c)(2), because the text is written in a font that is less than 12-point type, and because the type is not double-spaced, with no more than 28 lines per page; and is in violation of Civil Local Rule 7-2 because it was not noticed for hearing. In addition, the print in the

1 exhibits attached to the motion is in a font so small as to be unreadable, and the exhibits
2 are also unauthenticated and therefore inadmissible as evidence.  See Orr v. Bank of
3 America, 285 F.3d 764, 773 (9th Cir. 2002).  Moreover, the motion is also improper, as this
4 court does not rule on motions for summary judgment before it has issued a scheduling
5 order pursuant to Federal Rule of Civil Procedure 16, following the initial CMC.

6      In addition, however, the court finds that the motion must be DENIED on the merits.
7 Federal Rule of Civil Procedure 56 provides that "[a] party" may move "for summary
8 judgment on all or part of a claim."  Fed. R. Civ. P. 56(a), (b).  The court will grant the
9 motion "if the pleadings, the discovery and disclosure materials on file, and any affidavits
10 show that there is no genuine issue as to any material fact, and that the movant is entitled
11 to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

12      As the moving party, it is the plaintiff's burden to demonstrate, by providing
13 admissible evidence, that there is no material dispute as to whether she should prevail on
14 any of her claims.  See, e.g., Southern Calif. Gas. Co. v. City of Santa Ana, 336 F.3d 885,
15 888 (9th Cir. 2003).  That is, she must demonstrate that there is no triable issue as to any
16 element of any of her causes of action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
17 249-50 (1986) (to prevail at summary judgment, the party who bears the burden of proof on
18 an element must present significant probative evidence).

19      Here, plaintiff has provided no evidence to support any element of any of her eight
20 causes of action.  Her only argument is that defendants have failed to comply with certain
21 procedural rules.  That is not a sufficient basis for a motion for summary judgment, as it
22 does not resolve the question whether there are triable issues with regard to the claims
23 asserted in the complaint.

24
25 **IT IS SO ORDERED.**
26 Dated: April 2, 2010

27                              PHYLLIS J. HAMILTON
                             United States District Judge
28